THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00004-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>MARK C. RAMSEY,  )<br>)<br>Defendant.  )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 50].

## I. BACKGROUND

Between April 2008 and October 2013, the Defendant Mark C. Ramsey operated a Ponzi-style scheme to defraud. [Doc. 38: Revised PSR at ¶¶ 7-12]. The Defendant defrauded a total of 43 individuals, and 20 of those individuals lost a total of more than $1 million. [Id. at ¶ 14].

A federal grand jury indicted the Defendant and charged him with securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff. [Doc. 3]. The Defendant pled guilty to the securities-fraud offense pursuant to a written plea agreement with the Government. [Docs. 26, 28]. In his plea agreement,

the Defendant stipulated that his offense caused a loss of more than $550,000 but not more than $1.5 million. [Doc. 26: Plea Agmt. at ¶ 7(a)].

In advance of sentencing, this Court's probation office submitted a presence report and calculated a total offense level of 24. [Doc. 38: Revised PSR at ¶ 41]. The Defendant's criminal history garnered a single criminal history point related to a prior Tennessee conviction for failure to pay taxes. [Id. at ¶¶ 50, 52]. The probation office also assessed the Defendant two criminal history points because he committed his offense while he was on probation, resulting in a criminal history category of II. [Id. at ¶ 53]. At sentencing, the Court found that an additional two offense-level increase applied, increasing the Defendant's total offense level to 26, which resulted in an advisory guideline range of 70-87 months' imprisonment. [Doc. 45 at 1]. The Court also found that a downward variance was warranted based on its assessment of the sentencing considerations described in 18 U.S.C. § 3553(a). [Id. at 3]. Accordingly, the Court sentenced the Defendant to 65 months' imprisonment. [Doc. 44 at 2].

The Defendant, through counsel, now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 50]. The Government consents to the Defendant's Motion. [Doc. 52].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at

3

step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

### III. DISCUSSION

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant who has six criminal history points or less and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

The Defendant is eligible for relief under Amendment 821. At the time of sentencing, the Defendant was assigned a total of three (3) criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of II. [Doc. 38: Revised PSR at ¶¶ 52-54]. With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing his criminal history score from three to one. That score corresponds to a criminal history category of I, which when combined with a total offense level of 26 results in a revised advisory guidelines range of 63 to 78 months.

Having determined the amended guideline range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part. Here, the Defendant's post-sentencing conduct supports a reduced sentence. The Defendant has already served the majority of his sentence.[1] During his period of incarceration, the Defendant has incurred only one minor disciplinary infraction. [See Doc. 50-1 at 1]. He has completed 16 educational programs and work assignments.

---

[1] See https://www.bop.gov/inmateloc/ (last accessed Jan. 26, 2024).

[Id.]. Additionally, while the Defendant's offense conduct caused significant financial harm to his victims, it did not involve violence and the Defendant does not have a violent criminal history.  Furthermore, he is eligible only for a two-month reduction in his sentence.

Considering the sentencing objectives set forth in § 3553(a), the Court finds that a reduction in the Defendant's sentence is consistent with the purposes of sentencing.  Accordingly, the Court grants the Defendant's motion for a reduced sentence.  In its discretion, the Court will reduce the Defendant's sentence to a term of sixty-three (63) months.[2]

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 50] is **GRANTED**, and the Defendant's sentence is **REDUCED** to a term of **SIXTY-THREE (63) MONTHS**, effective as of February 1, 2024.

The Clerk of Court is respectfully instructed to prepare an Amended Judgment in accordance with the terms of this Order.

---

[2] Although at sentencing the Court granted the Defendant a downward variance to a sentence of 65 months, equal to 93% of the low end of the guidelines range of 70 to 87 months, the Defendant is not entitled to a proportionate reduction here.  The guidelines restrict the available reduction to a sentence equal to the low end of the amended guidelines range, meaning that the largest reduction available to the Defendant is a sentence of 63 months.  See U.S.S.G. § 1B.10(b)(2)(A).

**IT IS SO ORDERED.**

Signed: February 5, 2024

Martin Reidinger
Chief United States District Judge